800 F.2d 260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Appellee,
v.
ONE (1) 1983 38' TOPAZ SPORTSFISHERMAN BOAT, White in Color,
Together with its Apparel and Equipment, Defendant,
Osvaldo Pardo, Appellant.
 
 No. 85-2244.
 United States Court of Appeals,
Fourth Circuit.
 Argued July 16, 1986.
Decided Sept. 9, 1986.
 Andrew M. Sacks (Sacks & Sacks on brief), for appellant.
 Larry W. Shelton, Asst. U.S. Atty. (Justin W. Williams, U.S. Atty. on brief), for appellee.
 E.D.Va.
 AFFIRMED.
 Before WINTER, Chief Judge, and HALL and SPROUSE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Osvaldo A. Pardo appeals the district court's decision denying him relief from a consent order and a default decree of forfeiture whereby his interest in one thirty-eight foot Topaz Sportsfisher vessel was condemned and forfeited to the United States. The United States initiated forfeiture proceedings under 21 U.S.C. Sec. 881 and 49 U.S.C. Sec. 781 after discovering 12.7 grams of marijuana and $8,000 in cash on the boat. Pardo filed a claim to the vessel, but his original attorney, Richard Beiley, eventually agreed to withdraw Pardo's claim to the vessel in exchange for the return of all of Pardo's personal items that were aboard. The district court approved this agreement and the next day entered a default decree of forfeiture.
 
 
 2
 On March 13, 1985, Pardo filed a motion under Rule 60(b), Fed.R.Civ.P., requesting relief from the consent order and from the default judgment on the ground that Beiley settled his claim against the government without his consent. After an evidentiary hearing, the district court denied the requested relief, finding that Pardo had authorized Beiley to settle the case, and that in any event, Pardo lacked a meritorious defense to the forfe iture action. we affirm.
 
 Rule 60(b) provides in pertinent part:
 
 3
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment.
 
 
 4
 The movant under Rule 60(b) must first "demonstrate the existence of a meritorious claim or defense" that he will assert if granted relief, Square Construction Company v. Washington Metropolitan Area Transit Authority, 657 F.2d 68, 71 (4 Cir.1981), and second, prove one of the grounds under 60(b) for failing to assert the defense prior to judgment. "In consideration of these proofs, the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine, within its discretion, whether relief is appropriate...." Id. In addition, the district court's subsidiary findings of fact will not be disturbed on appeal unless clearly erroneous.
 
 
 5
 In the present case, the district court agreed that Pardo could adequately explain his prior failure to press his claim if he could show that his previous attorney 'settled the case without authorization. The district court found, however, that on the date of settlement, "Richard A. Beiley, attorney for Osvaldo Pardo, was vested with the authority to withdraw his client[']s claim in the forfeiture proceedings." Unlike the cases Pardo cites where a denial of Rule 60(b) relief has been reversed, the district court here held an evidentiary hearing to determine the merits of Pardo's claim. At this hearing Beiley testified that Pardo granted him broad authority to settle the case, and Pardo conceded on cross-examination that he had consented to settlement. Though Pardo claimed he subsequently withdrew that con sent, the district court expressly credited Beiley's testimony to the contrary over that of Pardo. In contrast to Pardo's unsupported testimony, Beiley's account of his meetings with Pardo was corroborated by the jail's visitor log. As the trier of fact, it was the province of the district court to assess crediblity and weigh conflicting evidence; having done so, its finding is not clearly erroneous.
 
 
 6
 Pardo contends next that even if the district court properly found that he never revoked his general consent to settlement, Pardo never expressly agreed to the particular settlement Beiley made with the government. Pardo cites Associates Discount Corporation v. Goldman, 524 F.2d 1051, 1053 (3 Cir. 1975) for the proposition that an attorney needs "express authority" to settle a case. But Goldman intends merely to hold that "[n]o such authorization [to settle a case] is implied in a mere retainer." Id. (emphasis added). In the present case, Pardo not only retained Beiley as counsel, he instructed him to settle the case, and granted that authority in the broadest possible terms. Pardo testified on cross-examination that he told Beiley he could not afford to litigate the case and therefore for Beiley to "do what ever he thought best." Pardo further stated that he maintained no expectation that Beiley would consult with him again before settlement, nor did he condition settlement on receiving any particular terms. On these facts, and with no allegation that Beiley acted other than in good faith in the interests of his client, it was not necessary for Beiley to obtain Pardo's approval of the specific settlement agreement with the government.
 
 
 7
 We therefore conclude that Pardo failed to meet his burden of showing an adequate excuse for his failure to assert his claims prior to the default judgment, and that the district court acted within its discretion in denying relief.
 
 
 8
 AFFIRMED.